936 F.2d 574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry L. WILSON, Plaintiff-Appellant,
v.
John JABE, Vonda Jamrog, Defendants-Appellees.
 No. 90-2379.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He has filed a motion for appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Terry L. Wilson sought a certificate of discharge or termination from one of the sentences he is serving. He alleged that, under state law, the time he has served and the credits he has earned entitle him to the certificate. In addition to the discharge, Wilson sought compensation for his confinement.
 
 
 3
 The district court construed the complaint as a petition for a writ of habeas corpus. The petition was reviewed on the merits and dismissed as frivolous under 28 U.S.C. Sec. 1915(d). On appeal, Wilson asserts that the district court erred by construing his complaint as an application for a writ of habeas corpus.
 
 
 4
 Upon review, we conclude that the district court properly construed the complaint as a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). Because Wilson's claims concerned matters of state law, the claims were properly dismissed. Moreover, we note that Wilson's claims for monetary relief lack an arguable basis in law because he failed to specify that defendants were sued in their individual capacities. See Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). State officials are not subject to suit in their official capacity for monetary damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dept' of State Police, 491 U.S. 58, 71 (1989). Thus, even if cognizable under 42 U.S.C. Sec. 1983, the monetary claims would be properly dismissed as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Accordingly, the motion for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.